UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Michael J. Bui,

                Plaintiff,

vs.

David Jon Hoiland, Attorney
for Chase Bank USA, NA,

                Defendant.        Civ. No. 06-2351 (PJS/RLE)

* * * * * * * * * * * * * * * * * * *

      This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of Plaintiff Michael J. Bui for leave to proceed in forma pauperis ("IFP"). Docket No. 2.

      For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed for lack of subject matter jurisdiction.

I. <u>Factual and Procedural Background</u>

The Plaintiff's Complaint consists solely of two (2) pages. The first page is a pre-printed sample Complaint form, which merely identifies the Plaintiff as Michael J. Bui, and the Defendant as David Jon Hoiland Attorney for Chase Bank USA, NA ("Hoiland"). The second page of the Complaint is a hand-written document with five (5) numbered paragraphs. The first paragraph re-identifies the Plaintiff, and the second paragraph re-identifies Defendant Hoiland. The second paragraph also includes an unexplained reference to "Robert J. Kressel United States Bankruptcy Judge."[1]

The remainder of the Complaint, repeated verbatim and in its entirety, reads as follows:

> 3.  My reason to claim David Jon Hoiland Attorney for Chase USA, NA are [sic] they [sic] purposely, calumiation

---

[1] It is not clear whether the Plaintiff is attempting to name Bankruptcy Judge Kressel as a Defendant in this case. The Judge is not listed as a Defendant in the caption of the Complaint, but some of the substantive allegations of the Complaint suggest that the Plaintiff is seeking redress from the Judge. We note, however, that even if the Plaintiff's Complaint did not have to be dismissed altogether, for reasons we explain in the text of this Report, any of the Plaintiff's potential claims against Bankruptcy Judge Kressel would still be subject to summary dismissal by virtue of the doctrine of judicial immunity. <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54 (1967); <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-57 (1978).

> [sic], insult, and hurt my honour. [A]nd the Robert J. Kressel United States Bankruptcy Judge order dismiss my case on May 2, 2006. [T]hat's hurt my feeling because I show up on the trial day for my counterclaim.
>
> 4. Because the case is screened for people to know about my case but Mr. Hoiland and Chase Bank USA, NA told people I am implied, intent, false pretenses, false representation, actual fraud and no eligible.
>
> 5. I want Mr. Hoiland Attorney for Chase USA, NA, Chase USA, NA, Mr. Robert J. Kressel United States Bankruptcy Judge, and United States Bankruptcy Court District of Minnesota. To pay some money for me for damages. The amount is over $75,000.00 or up.

As far as we can tell from the Plaintiff's Complaint, the Plaintiff is attempting to sue Hoiland for initiating some form of Bankruptcy Court proceeding, on behalf of Chase Bank USA, NA, which prompted Bankruptcy Judge Kressel to dismiss a case in which the Plaintiff had some purported interest. The Complaint's vague references to "false pretenses, false representations [and] actual fraud" would seem to indicate that the Plaintiff thinks that Hoiland and Bankruptcy Judge Kressel engaged in some impropriety. However, the Complaint does not explain what wrong, if any, that Hoiland and Bankruptcy Judge Kressel actually committed. We also note that the only injury, for which the Plaintiff is seeking redress, is his hurt feelings.

II. <u>Discussion</u>

Rule 12(h)(3), Federal Rules of Civil Procedure, requires that, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction * * * is a threshold requirement which must be assured in every federal case." <u>Turner v. Armontrout</u>, 922 F.2d 492, 293 (8th Cir. 1991).

Here, we find that Federal Subject Matter Jurisdiction does not exist under either of the two statutes that define the subject matter jurisdiction of Federal District Courts -- namely: 1) "the Federal Question Statute," Title 28 U.S.C. §1331; and 2) "the Diversity of Citizenship Statute," Title 28 U.S.C. §1332.

There is no jurisdiction under the Federal Question Statute because the Plaintiff's Complaint does not include any claim that is predicated upon Federal substantive law. If the Complaint states any cognizable claim at all, it would only arise under a State common law tort claim, such as fraud, abuse of process, defamation, or intentional infliction of emotional distress. The Plaintiff clearly has not pleaded any claim "arising under the Constitution, laws or treaties of the United States" which would establish subject matter jurisdiction under Section 1331. See, <u>QwestDex, Inc. v. Hearthside Restaurant, Inc.</u>, 376 F. Supp.2d 931, 933 (D. Minn. 2005)("The 'well-

pleaded complaint rule' provides that federal jurisdiction pursuant to section 1331 exists only when a federal question is presented on the face of the plaintiffs' properly pleaded complaint."), citing Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998).

Moreover, the Complaint clearly reflects that the Plaintiff and Hoiland both reside in the State of Minnesota. Given these representations, there does not appear to be complete diversity of citizenship. See, Capitol Indemnity Corp., Inc. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004)("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is a complete diversity of citizenship."), citing Title 28 U.S.C. §1332(a). "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Id., citing Owen Equipment & Erection v. Kroger, 437 U.S. 365, 373 (1978). Furthermore, given the absence of any clear showing of damage, apart from bruised feelings, we have no reason to believe that the Plaintiff's asserted cause of action exceeds the $75,000.00 threshold of Section 1332(a). Therefore, subject matter jurisdiction does not exist under the Diversity of Citizenship Statute, Section 1332.

Since subject matter jurisdiction has not been established under either the Federal Question Statute, or the Diversity of Citizenship Statute, we find that this case

must be summarily dismissed pursuant to Rule 12(h). Based upon our determination that this matter must be summarily dismissed for lack of jurisdiction, we also recommend that the Plaintiff's IFP application be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Plaintiff's Complaint be summarily dismissed, without prejudice, for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure.

2.   That the Plaintiff's Application to Proceed Without Prepayment of Fees [Docket No. 2] be denied as moot.


Dated: June 19, 2006                              *s/Raymond L. Erickson*
                                                  Raymond L. Erickson
                                                  CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July**

**7, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 7, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.